IN THE WESTERN DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:21-cv-00725-SRB ) |
| GLORIA LECTICIA AGUIRRE RIVERA, Representative of the Estate of decedent EBER ABDIEL MEZA AGUIRRE; JOHN A. DOES 1-5 and JANE A. DOES 1-5, Wrongful Death Beneficiaries of EBER ABDIEL MEZA AGUIRRE; SANTIAGO A. ODUARDO LOPEZ, Representative of the Estate of decedent MARTIN LOPEZ; JOHN B. DOES 1-5 and JANE B. DOES 1-5, Wrongful Death Beneficiaries of MARTIN LOPEZ; MERCEDES ONTIVEROS, Representative of the Estate of decedent ALFREDO CALDERON, JR., and as Next Friend of decedent's minor children, G.J.C. and A.L.C.; JOHN C. DOES 1-5 and JANE C. DOES 1-5, Wrongful Death Beneficiaries of decedent FRANCISCO GARCIA ANAYA; MICHAEL BARAJAS; ANDREA DEOSORIO; ALFREDO CALDERON; JOHN D. DOES 1-5 AND JANE D. DOES 1-5; and Dameon Paige, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' SUGGESTIONS
IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Gloria Lecticia Aguirre Rivera, Santiago A. Oduardo Lopez, Mercedes Ontiveros, Andrea Deosorio, and Alfredo Calderon (Defendants) file these suggestions in support of their motion to dismiss.

{402918.DOCX }1

## Legal Standard

This federal court is a court of limited jurisdiction. If the case is not within the original subject matter jurisdiction of the district court," the district court must dismiss the case.[1] The party invoking federal jurisdiction has the burden of establishing federal jurisdiction.[2] The court has an independent obligation to ensure that it has jurisdiction to hear the case.

## Legal Argument

Scottsdale has filed a one count interpleader action. In federal court, a stakeholder may pursue two types of interpleader actions: (1) a "statutory interpleader" under 28 U.S.C. §§ 1335, 1397, and 2361; or (2) a "rule interpleader" under Federal Rule 22. Although the same general principles apply to both statutory and rule interpleader, the two actions have different procedural requirements for jurisdiction, venue, service of process, and the amount in controversy.[3]

A party can file a statutory interpleader under 1335 when "[t]wo or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of [28 U.S.C. § 1332], are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation."[4] The federal statutory interpleader statute provides its own jurisdictional requirements.

Through the Federal Interpleader Act, Congress has authorized "nationwide jurisdiction" in a federal statutory interpleader case.[5] Parties served under 28 U.S.C. § 2361 are subject to personal jurisdiction in the interpleader court even if they do not have contacts with the forum

---

[1] *B.M. v. Liberty Sch. Dist. # 53*, No. 4:21-CV-00495-DGK, 2021 WL 5299666, at *1 (W.D. Mo. Nov. 15, 2021)
[2] *See id.*
[3] *Acuity v. Rex, LLC,* 296 F. Supp. 3d 1105, 1107 (E.D. Mo. 2017), aff'd, 929 F.3d 995 (8th Cir. 2019).
[4] 28 USC 1335.
[5] 28 U.S.C.A. § 2361; *Yonko v. W. Coast Life Ins. Co.*, No. 120CV00109GNSHBB, 2021 WL 1428476, at *4 (W.D. Ky. Apr. 15, 2021).

state.[6] For a federal district court to have subject matter jurisdiction over a statutory interpleader suit, the claim must meet the following prerequisites: (1) the amount in controversy exceeds $500; (2) two or more diverse claimants have adverse claims of entitlement to the disputed fund; and (3) the stakeholder deposits the amount due into the Court's registry.[7]

It is the last requirement—the depositing of funds—that defines the court's subject matter jurisdiction.[8] A stakeholder may not compel a party to litigate his claim in interpleader unless the stakeholder deposits with the court an amount equal to the sum claimed by the claimants.[9] A district court has no jurisdiction over an interpleader if the stakeholder deposits a smaller amount. This is true even where the interpleading party contends that, as a matter of law, claimants are not entitled to a different amount.[10]

In this case, although Scottdale seeks leave to deposit funds into the registry of the Court, Scottsdale never filed a motion under Rule 67 to deposit the funds with this court. Thus, to the extent Scottsdale seeks to pursue a statutory interpleader, the Court lacks subject matter jurisdiction. Of course, the court can allow Scottsdale to deposit the correct amount within a reasonable time.[11] If Scottsdale wishes to pursue a federal statutory interpleader under sections 1335, 1397, and 2361 then it must deposit the funds into the court.

In its complaint, Scottsdale alleges that: 1) various claimants have made claims against Metro Public Safety; 2) it issued two policies to Metro; and 3) those policies normally have policy limits of $2,000,000 but various step-down provisions, endorsements, and exclusions reduce the applicable coverage to split limits of $100,000/$200,000. Based on these allegations, Scottsdale

---

[6] 28 U.S.C.A. § 2361; *Yonko*, 2021 WL 1428476, at *4.
[7] 28 U.S.C. § 1335.
[8] *Acuity v. Rex, LLC*, 296 F. Supp. 3d 1105, 1108 (E.D. Mo. 2017), aff'd, 929 F.3d 995 (8th Cir. 2019).
[9] *Id.*
[10] *Id.*
[11] *One Gas, Inc. v. J.P. Pipeline Constr. Inc.,* No. CV 18-2061-KHV, 2018 WL 4222411, at *1 (D. Kan. July 18, 2018).

seeks leave to deposit $200,000 with the Court. Although Scottsdale makes some vague allegations regarding settlement offers, Scottsdale never alleges whether claimants agree or disagree that the available fund is $200,000. If Scottsdale maintains that there is no dispute that the limits are $200,000 then for this court to have subject matter jurisdiction over the statutory interpleader action, Scottsdale should deposit $200,000 into Court. If Scottsdale contends that at least one claimant disagrees with Scottsdale's position, then Scottsdale must interplead the higher amount. But unless Scottsdale deposits the funds into Court, the Court lacks subject matter jurisdiction over the federal statutory interpleader action.[12]

Of course, Scottsdale may be pursuing rule interpleader under Rule 22. Although Scottsdale does not cite Rule 22, it does cite the general diversity jurisdiction statute.[13] Scottsdale also cites the Missouri interpleader statute section 507.060. If Scottsdale wishes to proceed under either section 507.060 or Rule 22 or both, Scottsdale cannot rely on the "more liberal" procedural jurisdictional rules governing the federal statutory interpleader statute.[14] For example, section 2361's provisions for national service of process and personal jurisdiction apply only to the federal interpleader action and do not apply to either Rule 22 interpleader or an interpleader brought under diversity jurisdiction.[15] Neither Rule 22 nor Missouri statute section 507.060 confer personal jurisdiction over the parties. Thus, if Scottdale wishes to proceed under Rule 22 or section 507.060, then it must establish that the Court has personal jurisdiction over Defendants.

---

[12] If Scottsdale does interplead the money under the federal statutory interpleader action, then the Court should dismiss Scottsdale's requested relief under section 507.060 since Scottsdale has elected to proceed under the federal interpleader statute.
[13] See Scottsdale's complaint, paragraph 3.
[14] *One Gas, Inc.,* 2018 WL 4222411, at *1; See 4–22 Moore's Federal Practice 3D § 22.04[1] (2018). For example, service pursuant to 28 U.S.C. § 2361 would no longer establish personal jurisdiction over all claimants. Fed. R. Civ. P. 4(k)(1)(C) (when statute authorizes, serving summons establishes personal jurisdiction); 28 U.S.C. § 2361 (allowing nationwide service in statutory interpleader actions).
[15] *Id.*

{402918.DOCX }4

Case 4:21-cv-00725-SRB   Document 7   Filed 12/13/21   Page 4 of 9

To determine whether personal jurisdiction exists for any other interpleader action, the Court conducts a two-step analysis. The Court first determines "whether the exercise of jurisdiction is proper under Missouri's long-arm statute.[16] If the non-resident defendants' activities satisfy Missouri's long-arm statute, the Court then determines whether the exercise of personal jurisdiction comports with due process."[17] The Eighth Circuit employ a five-factor test to determine whether asserting personal jurisdiction over a party comports with due process: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties."[18]

Missouri's long arm statute states that an out-of-state defendant can be subject to personal jurisdiction in Missouri by doing any of the following acts:

(1) The transaction of any business within this state;
(2) The making of any contract within this state;
(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this state at the time of contracting;
(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

Scottsdale does not allege that Defendants committed any acts falling within those six categories. Even assuming any action taken by the Defendants were sufficient to fall under the long-arm statute, asserting personal jurisdiction here does not comport with due process. Indeed, the Eighth Circuit has held that a federal Missouri court does not have jurisdiction over non-residents merely

---

[16] *Eagle Tech. v. Expander Americas, Inc.*, 783 F.3d 1131, 1136 (8th Cir. 2015).
[17] *Id.*
[18] *Id.*

{402918.DOCX }5

Case 4:21-cv-00725-SRB   Document 7   Filed 12/13/21   Page 5 of 9

because they asserted a right to insurance proceeds from a policy issued to a Missouri resident.[19] This Court, therefore, lacks personal jurisdiction over any rule interpleader or interpleader based on section 507.060, and the Court should dismiss it.

Even if the Court believes personal jurisdiction exists over Defendants, Scottsdale has not stated a cause of action for its requested relief under section 507.060. In its complaint, it asks the court to enter an order under section 507.060 stating that "Plaintiff Scottsdale shall not be liable to pay to the insured or any claimant any amount in excess of the interpleaded proceeds as a result of the Shooting or the July 16 Event[.]"

Section 507.060.4 states that Scottsdale can seek this order only if Scottdale filed its interpleader within ninety days after receiving the *first* offer of settlement or demand for payment by a claimant:

> 4. If, within ninety days after receiving the first offer of settlement or demand for payment by a claimant, a plaintiff files an action for interpleader under this section and the plaintiff timely deposits all of its applicable limits of coverage into court within thirty days of the court's order granting interpleader, the plaintiff shall not be liable to any insured or defendant for any amount in excess of the plaintiff's contractual limits of coverage in the interpleader or any other action, so long as the plaintiff defends all of its insureds in good faith from any claims or lawsuits for damages allegedly caused by the incident or occurrence for which the limits of coverage were paid into court, even after depositing its limits of coverage into court notwithstanding any policy provision releasing the plaintiff of its duty to defend any of the insureds. Any insured's refusal of the plaintiff's good faith defense shall not affect the plaintiff's rights under this section.[20]

In its complaint, Scottsdale does allege that "[w]ithin 90 days of the filing of this action, Scottsdale received a copy of the Petition filed in State Court *Rivera* Lawsuit. In addition, within

---

[19] *Acuity v. Rex, LLC*, 929 F.3d 995, 1002 (8th Cir. 2019) (stating that the court did not have personal jurisdiction over Michigan citizens insured in Illinois by a Missouri corporation merely because the Michigan citizens made a claim on a policy issued to the Missouri corporation).

[20] Section 507.060.

90 days of filing this action, Scottsdale received a demand by one claimant and such demand was in excess of the $100,000 each event limit and $200,000 aggregate limit for liability coverage available under the policy." Absent from this paragraph or any other paragraph in the complaint is Scottsdale's allegation that these were the *first* offer of settlement or demand for payment by anyone for any of the aggregate limits.[21] Scottsdale likely cannot in good faith make those allegations since the parties including Scottsdale's insured, whom Scottsdale was defending at the time, attended a mediation in May 2021, which was well outside the 90-day period. In any event, Scottsdale's allegations do not state a cause of action for relief under section 507.060.4 and so, even if the Court had jurisdiction, it should dismiss Scottsdale's claim under section 507.060. Finally, even if Scottsdale states a cause of action under 507.060 to extinguish its bad faith liability, the court should conclude that Scottsdale has failed to name an indispensable party because Scottsdale has not named its insured.

## Conclusion

Scottsdale has filed a one count interpleader action. If the Court construes Scottsdale's complaint as a federal statutory interpleader action, then this court lacks subject matter jurisdiction because Scottsdale has not deposited the applicable funds. If the Court construes Scottsdale's complaint as a rule interpleader action or an action under section 507.060, the court should dismiss it because the Court lacks personal jurisdiction over Defendant. If Scottsdale does interplead the funds under the federal statutory interpleader action, then the Court should dismiss Scottsdale's requested relief under section 507.060 since Scottsdale has elected to proceed under the federal interpleader statute.

---

[21] Indeed, based on Scottsdale's argument regarding the aggregate limits, any settlement or any demand by any person on any claim within the policy period would have triggered the 90-day period to file the interpleader action.

{402918.DOCX }7

Case 4:21-cv-00725-SRB   Document 7   Filed 12/13/21   Page 7 of 9

Respectfully submitted,

*/s/ Tom Hershewe*
Tom Hershewe, MO # 57642
DOLLAR, BURNS, BECKER
& HERSHEWE, L.C.
1100 Main Street, Suite 2600
Kansas City, MO 64105
(816) 876-2600
(816) 221-8763 Fax
tom@dollar-law.com
ATTORNEYS FOR DEFENDANT
GLORIA LECTICIA AGUIRRE RIVERA

Joshua Scott MO #64147
THE LAW OFFICE OF JOSHUA SCOTT, LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
(816) 876-2600
(816) 221-8763 Fax
joshua@joshuascottlaw.com
ATTORNEYS FOR DEFENDANT MERCEDES ONTIVEROS, legal and natural Mother of and next friend of G.J.C., a minor, And A.L.C., a minor

Michael S. Foster          MO #61205
Kimberly R. Wright         MO #62253
FOSTER WALLACE, LLC
4700 Belleview Ave., Ste. 304
Kansas City, MO 64112
(816) 249-2101
(816) 249-2170 Fax
Michael@fosterwallace.com
kim@fosterwallace.com
ATTORNEYS FOR DEFENDANT
ALFREDO CALDERON

Nick A. Brand #63380
KUHLMAN & LUCAS, LLC
4700 Belleview Ave., Suite 300
Kansas City, Missouri 64112
(816) 799-0330
(816) 799-0336 Fax
nick@kuhlmanlucas.com
ATTORNEYS FOR DEFENDANT
ANDREA DEOSORIO

{402918.DOCX }8

Emmalee M. Terry, #64034
MILLER & TERRY
ATTORNEYS AT LAW
618 SE 4th Street
Lee's Summit, MO  64063-2750
emmalee@millerterrylaw.com
(816) 524-8718
(816) 272-5967 Fax
ATTORNEY FOR DEFENDANT
SANTIAGO A. ODUARDO LOPEZ
ON BEHALF OF THE WRONGFUL
DEATH CLASS OF MARTIN LOPEZ

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

/s/ Tom Hershewe
Attorney for Defendant
Gloria Lecticia Aguirre Rivera